UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAW HTOO,

    Plaintiff,

v.

JEFFERSON B. SESSIONS, III, U.S.
Attorney General, et al.,

    Defendants.

17-CV-745
DECISION AND ORDER

---

On August 2, 2017, the plaintiff, Law Htoo, commenced this action under the Immigration and Nationality Act and the Administrative Procedure Act. Docket Item 1. On December 8, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7.

On February 9, 2018, Htoo moved for summary judgment, Docket Item 12; on March 16, 2018, the defendants responded and cross-moved to dismiss and for summary judgment, Docket Item 14; on April 3, 2018, Htoo replied, Docket Item 17; and on April 20, 2018, the defendants sur-replied, Docket Item 18. On June 28, 2018, Judge Scott issued a Report and Recommendation ("R&R") finding that Htoo's motion should be denied and that the defendants' cross-motion should be granted. Docket Item 22.

On July 26, 2018, Htoo objected to the R&R on four grounds: (1) that Judge Scott "failed to demonstrate that the decision to grant [Htoo] his permanent residence status was in error"; (2) "that the cases cited in the [R&R] are not persuasive here";

(3) that the Consolidated Appropriations Act of 2008 ("CAA"), Pub. L. No. 110–161, 121 Stat. 1844 (2007), is not retroactive; and (4) that Judge Scott improperly analyzed "the second reason for [Htoo]'s denial." Docket Item 25. On August 17, 2018, the defendants responded to the objections, Docket Item 27, and on September 14, 2018, Htoo replied, Docket Item 30.

This Court heard oral argument on December 12, 2019, and reserved decision. Docket Item 33. The Court also ordered supplemental briefing, *see id.*, which the parties provided on December 30, 2019, Docket Items 34 and 35. The Court then ordered the defendants to respond to the issue of collateral estoppel raised in Htoo's supplemental brief, *see* Docket Item 36, and they did so on March 11, 2020, Docket Item 37.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the thorough R&R, the record in this case, the objection and response, and the materials submitted by the parties. Based on that review, the Court accepts and adopts Judge Scott's recommendation to deny Htoo's motion for summary judgment, Docket Item 12, and to grant the defendants' cross-motion, Docket Item 14.

Htoo argues that Judge Scott "failed to demonstrate that the decision to grant [Htoo] his permanent residence status was in error." Docket Item 25 at 2. But, as the

2

defendants observe, it is Htoo's burden to establish that he was properly granted permanent residency status. See Docket Item 27 at 1. He has not done so.

Indeed, Htoo acknowledges that it is "untenable" for him to "prove a negative," and he criticizes that requirement as being "unfair." Docket Item 25 at 3. While this Court sympathizes with Htoo's predicament, the law is clear that "[t]he applicant shall bear the burden of establishing by a preponderance of the evidence . . . that the applicant was lawfully admitted as a permanent resident to the United States, in accordance with the immigration laws in effect at the time of the applicant's initial entry or any subsequent reentry." 8 C.F.R. § 316.2(b).

Htoo next tries to distinguish the cases on which Judge Scott relied in the R&R because, unlike those cases, "it is unclear as to whether [Htoo]'s lawful permanent residency status was granted in error or not." Docket Item 25 at 3. This Court agrees that it is not clear from the record whether Htoo's status was granted in error. But as explained above, it is Htoo's burden to prove that his status was lawfully granted, and he has not met that burden.

Finally, Htoo contests Judge Scott's finding that the CAA did not retroactively apply to Htoo's permanent residency application. But even assuming that Judge Scott was incorrect about the CAA, that would not make a difference in the outcome of this case. As the defendants observe, "the CAA does not exempt all grounds for terrorist-related inadmissibility, but only those where 'terrorist organization' is an element of the grounds of inadmissibility." Docket Item 27 at 9. Htoo's "inadmissibility, notably, was not limited to this basis, but also included inadmissibility based on engaging in terrorist activities." Id. So even if the CAA applied, Htoo still would have to demonstrate that he

3

had not engaged in terrorist activities to prevail. As explained above, he has not done so.[1]

At this Court's request, both parties submitted supplemental briefs regarding whether the government could be estopped from arguing that Htoo had not been lawfully admitted. Docket Items 34, 35, and 37. After reviewing those briefs and the relevant law, this Court finds that estoppel does not apply. *See INS v. Pangilinan*, 486 U.S. 875, 885 (1988) ("Neither by application of the doctrine of estoppel, nor by invocation of equitable powers, nor by any other means does a court have the power to confer citizenship in violation of [the statutory] limitations."); *see also Olayan v. Holder*, 833 F. Supp. 2d 1052, 1064 (S.D. Ind. Dec. 15, 2011) (explaining that a district court cannot "invoke principles such as collateral estoppel to confer citizenship when doing so would contravene 'public policy established by Congress'" (quoting *I.N.S. v. Pangilinan,* 486 U.S. 875, 883 (1988))).

---

[1] Because this Court finds that Htoo cannot demonstrate that he did not engage in terrorist activities, it need not reach his fourth objection that "[t]here is no evidence in the record to support [the] defendants' arguments that [Htoo] was ever involved in any acts of torture or extrajudicial killings." *See* Docket Item 25 at 7.

4

For the reasons stated above and in the R&R, Htoo's motion for summary judgment, Docket Item 12, is DENIED, and the defendants' cross-motion for summary judgment, Docket Item 14, is GRANTED. The Clerk of the Court shall close the file.

SO ORDERED.

Dated:    March 13, 2020
          Buffalo, New York


                                            *s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE